JOURNAL ENTRY and OPINION
{¶ 1} Appellant Dean Boland appeals the trial court's decision to vacate its previous default judgment rendered in his favor against appellees DiFiori's Custom Homes Exteriors, Inc., Anthony DiFiori, and Michelle DiFiori. Boland argues the appellees' Civ.R. 60(B) motion should not have been granted and assigns the following errors for our review:
 {¶ 2} "I. The judge erred in determining that appellees' neglect in this case constituted excusable neglect to satisfy requirement of the GTE test entitling appellees to a vacation of the judgment against them."
 {¶ 3} "II. The judge erred in granting appellees motion to vacate as appellees failed to satisfy the meritorious defense requirement of civil rule 60(B) as to six of the seven claims for which judgment was granted."
 {¶ 4} Having reviewed the record and legal arguments of the parties, we affirm the trial court's judgment, but not for the reasons set forth in appellees' Civ.R. 60(B) motion and the trial court's apparent ruling. We affirm the trial court's judgment to vacate the default judgment under Civ.R. 60(B)(5), "any other reason justifying relief from judgment." The apposite facts follow.
 {¶ 5} On September 4, 2002, appellant Dean Boland sued appellees DiFiori's Custom Homes Exteriors, Inc., Anthony DiFiori, and Michelle DiFiori. Appellees' answer to Boland's complaint should have been filed on October 7, 2002. However, appellees' lawyer contacted Boland on October 4, 2002 and requested an extension of time to October 10, 2002. Boland consented. On October 10, 2002, Boland called the court to ascertain whether appellees had filed their Answer to his complaint. Verifying that no Answer had been filed, Boland filed his motion for default judgment on October 17, 2002. The trial court scheduled a default hearing for October 30, 2002. Neither the appellees nor their attorney appeared at the default hearing. The trial court granted Boland's default judgment for an amount totaling $13,000. The $13,000 represents what Boland prayed for in his complaint, which included legal fees and costs.
 {¶ 6} The trial court's docket shows the appellees' counsel moved to vacate the default judgment on November 4, 2002, after a bank attachment and certification of judgment lien had been filed against appellees on November 1, 2002 by Boland The docket indicates the first appearance in this case by appellees occurred January 27, 2003. The trial court's docket shows no answer or an appearance filed by appellees existed until January 27, 2003.
 {¶ 7} The facts giving rise to the default judgment occurred from Boland's contract with DiFiori to install vinyl siding on his home. The total project price was $7,790 and required a deposit of $2,500, which Boland paid in April 2002. The contract stated the work would begin no later than June 1, 2002.
 {¶ 8} According to Boland, ten days prior to the anticipated start date, he began making inquiries about the job. Michelle DiFiori, the secretary of the firm, informed him that the company could not begin work as anticipated. Boland notified DiFiori a failure to begin work on June 1, 2002, would constitute a breach of the contract and requested a return of his deposit.
 {¶ 9} The record reflects the parties continued to discuss alternate starting dates, but these discussions broke down. Boland refused to permit Difiori to proceed with the job. DiFiori informed Boland his deposit would be refunded in the event DiFiori did not file suit against him within the next thirty days. DiFiori did not file suit against Boland, did not perform any work on Boland's home, and did not return the deposit.
 {¶ 10} On September 4, 2002, Boland filed suit alleging fraud, breach of contract, conversion, and unjust enrichment. On October 17, 2002, Boland filed a motion for default judgment, and at a hearing on October 30, 2002, the trial court granted the motion.
 {¶ 11} On November 4, 2002, DiFiori filed a motion to vacate the judgment. According to DiFiori's counsel, he was retained shortly before the answer was due on October 4, 2002 and immediately contacted Boland for an extension. Boland agreed to the extension. DiFiori drafted an Answer and Partial Discovery Response intending to file them with the court; he failed to file the response pleadings in person because of unexpected demands on his schedule. On Saturday, October 12, 2002, he prepared the documents for mailing to both the court and to opposing counsel; he placed the envelopes on the counter in the front of his office for collection by the postal service. Sometime between 10:00 a.m. and 11:00 a.m., he heard the office door open, heard the mailman say "mail," and heard the door close.
 {¶ 12} Later that day, when leaving the office he noticed the day's mail had been delivered, and the envelopes he prepared for the court and to opposing counsel were not on the counter. It was not until November 4, 2002, when DiFiori called the court about the default judgment that he learned the Answer and Partial Discovery Response were never received. Thereafter, he filed a motion for relief from judgment, and on December 11, 2002, the trial court held a hearing and granted his motion to vacate. Boland now appeals.
 {¶ 13} In his first assigned error, Boland argues the trial court erred in granting the DiFioris' motion for relief from judgment. He argues the Difioris failed to satisfy the excusable neglect standard of Civ.R. 60(B).
 {¶ 14} Civ.R.60(B) provides, in its entirety, as follows:
 {¶ 15} "MISTAKES: INADVERTENCE: EXCUSABLE NEGLECT: NEWLY DISCOVERED EVIDENCE: FRAUD: ETC. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."
 {¶ 16} In a review of a Civ.R. 60(B) ruling, an appellate court must determine whether the trial court abused its discretion.[1] The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.[2]
 {¶ 17} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."[3] If any of these three requirements is not met, the motion should be overruled.[4]
 {¶ 18} In the case sub judice, it is undisputed that the DiFioris' Civ.R.60(B) motion was timely filed and they are asserting valid defenses as set forth in their counterclaim. Accordingly, the issue for us is whether they are entitled to relief under Civ.R.60(B)(1). We think not. The lawyer's action in this case is not excusable neglect. It is merely neglect. However, justice demands that we look beyond Civ.R. 60(B)(1) to Civ.R. 60(B)(5). In this matter, it is undisputed that the motion to vacate was filed within one year of the judgment.
 {¶ 19} In looking to Civ.R. 60(B)(5), we conclude justice demands we affirm the trial court's judgment to vacate, and we remand this matter for trial. When the trial court initially granted Boland's default request, it granted him a judgment for $13,000. Boland paid the appellees $2,500. Under the Consumer Sales Practices Act, at best, he is entitled to treble damages and is not entitled to separate punitive damages.[5] We note that he requested legal fees, costs, and other expenses. In his affidavit supporting his default motion, he has not articulated what those total expenses were. Consequently, we sustain the trial court's judgment to vacate the default judgment and remand this matter for further proceedings. Accordingly, Boland's second assigned error is moot.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., Concurs; Dyke, J., Concurs in Judgment only.
[1] Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20.
[2] Nakoff v. Fairview General Hospital (1996),75 Ohio St.3d 254, 256-257, 1996 Ohio 159.
[3] GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
[4] Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 351.
[5] Brenner Marine v. Goudrea (Jan. 13, 1995) Lucas App. No. L-93-077.