OPINION
{¶ 1} Appellant, Christy Sammons, appeals the January 4, 2007, Judgment Entry and Findings of Fact and Conclusions of Law entered by the Stark County Court of Common Pleas, Juvenile Division Case No. 2006JCV00828, which terminated her parental, privileges and obligations with respect to her minor children. Appellee is the Stark County Department of Job and Family Services.
 STATEMENT OF THE FACTS AND CASE {¶ 2} There are three children involved in this case: Natisha Sammons, born August, 21, 1998, Ashley Sammons, born September 1, 2000, and Steven Scott, born September 9, 2001. Their mother is appellant, Christy Sammons. The alleged father of Natisha is Johnny Kline. The father of Ashley and Steven is Steven Scott.
 {¶ 3} On April 19, 2006, the Stark County Department of Job and Family Services (hereinafter "SCDJFS") filed a complaint alleging dependency/neglect/abuse seeking temporary custody of these children. The basis for this complaint was the alleged sexual abuse of the eldest child, domestic violence and substance abuse in the home.
 {¶ 4} On June 29, 2006, the trial court found the three children to be neglected by adjudication. A dispositional hearing was also held and temporary custody was granted to SCDJFS. At the hearing, appellant admitted that she does not have permanent housing or a job, does not have enough money for food, does not have medication for Natisha's skin condition and does not get Natisha to school.
 {¶ 5} On October 16, 2006, the trial court conducted a dispositional review hearing. The trial court found that no parent had been compliant with the terms of the *Page 3 
case plans. Further, appellant had not visited the children for a period of greater than ninety (90) days. The trial court did not find that there were compelling reasons as of that date to preclude a request for permanent custody to SCDJFS. The trial court ordered that the children remain in the agency's temporary custody without amendment to the case plans.
 {¶ 6} On November 7, 2006, SCDJFS filed a motion for permanent custody. SCDJFS included a specific plan to seek an adoptive family for the children and prepare the children for adoption.
 {¶ 7} The trial court scheduled the permanent custody hearing for December 21, 2006 at 1:00 pm. All parties were properly served. Appellant's attorney called Ms. Sammons' name in the lobby at 1:00 pm. Appellant failed to respond. The trial court called the hearing to order at 1:10 pm. Appellant's attorney requested and was granted leave to again call for Ms. Sammons in the lobby. Ms. Sammons was not present. The hearing continued to go forward. The trial court heard Ms. Snyder, the SCDJFS on-going case worker, testify that appellant regularly called her but did not have contact with the children. The trial court held that the parents of the children had abandoned them by virtue of their lack of contact, lack of bonding and failure to attempt any form of reunification. The trial court terminated the parental rights of all parents and permanent custody of the children was granted to SCDJFS.
 {¶ 8} On January 4, 2006, the trial court issued its Judgment Entry and Findings of Fact and Conclusions of Law.
 {¶ 9} Appellant filed a timely notice of appeal from this Judgment Entry and Findings of Fact and Conclusions of Law raising the following assignments of error: *Page 4 
 ASSIGNMENTS OF ERROR {¶ 10} "I. THE TRIAL COURT LACKED JURISDICTION TO MAKE AN ORDER OF PERMANENT CUSTODY, AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW UNDER THE 14th AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 16, OF THE OHIO CONSTITUTION, AS IT DID NOT PROVIDE REASONABLE NOTICE TO THE APPELLANT OF THE COMMENCEMENT OF THE PERMANENT CUSTODY HEARING.
 {¶ 11} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO VACATE JUDGMENT PURSUANT TO CIV. R. 60(B).
 {¶ 12} "III. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OFF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION 10 OF THE OHIO CONSTITUTION.
 {¶ 13} "IV. THE TRIAL COURT'S FINDING THAT THE CHILDREN HAD BEEN ABANDONED IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 14} "V. THE TRIAL COURT'S FINDING THAT THE CHILDREN CANNOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 15} "VI. THE TRIAL COURT'S JUDGMENT GRANTING PERMANENT CUSTODY OF THE SAMMONS/SCOTT CHILDREN TO SCDFJS IS CONTRARY TO LAW BECAUSE THE TRIAL COURT FAILED TO DETERMINE THAT SCDJFS HAS MADE REASONABLE EFFORTS TO PREVENT THE REMOVAL OF THE CHILD *Page 5 
FROM THE CHILD'S HOME, TO ELIMINATE THE CONTINUED REMOVAL OF THE CHILD FROM THE CHILD'S HOME, OR TO MAKE IT POSSIBLE FOR THE CHILD TO RETURN SAFELY HOME."
 {¶ 16} This appeal is expedited and is being considered pursuant to App. R. 11.2(C).
 I. {¶ 17} In her first assignment of error, appellant argues that she did not receive reasonable notice of the commencement of the permanent custody hearing and was deprived of her due process rights.
 {¶ 18} The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner."Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 902 (1976)citing Armstrong v. Manzo, 308 U.S. 545, 552, 85 S.Ct. 1187, 1191. (1965). Due process affords the right to be heard "before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society." Mathews v. Eldridge, 424 U.S. 319, 333,96 S.Ct. 893, 902 (1976) citing Joint Anti-Facist Comm. v. McGrath,341 U.S. 123, 168, 71 S.Ct. 624, 646. (1951). Specifically, "[a] juvenile court is without jurisdiction to make permanent a temporary commitment of a dependent or delinquent child unless notice of the time and place of the hearing upon such matter is served on the parent". In ReGallagher, Cuyahoga App. No. 80028, 2002-Ohio-975, unreported.
 {¶ 19} In the case sub judice, appellant does not dispute that she was properly served with notice of the permanent custody hearing. She admits she was properly *Page 6 
served pursuant to Juv. R. 16. Appellant instead argues that she was present but was confused by the Stark County Family Court. Appellant's attorney checked for her on at least two different occasions. This is established in the Transcript of Proceedings of December 21, 2006, at p. 5:
 {¶ 20} BY MR. MOORE: "Your Honor, I would request that I just check the waiting room one more time, I did speak to my client by phone this morning and she informed she was going to try to make it from Pennsylvania.
 {¶ 21} BY THE COURT: "Did you check at 1:00?
 {¶ 22} BY MR. MOORE: "I did, Your Honor.
 {¶ 23} BY THE COURT: "Okay.
 {¶ 24} BY MR. MOORE: "Would that be all right?
 {¶ 25} BY THE COURT: "Yes, but we're going to start.
 {¶ 26} BY MR. MOORE: "I'll be 20 seconds."
 {¶ 27} Appellant concedes that she received notice yet she was not present and ready when called. We find it is appellant's duty to be present and ready for hearing at the date, time and location proscribed in the duly served court notice.
 {¶ 28} Appellant's First Assignment of Error is overruled.
 II. {¶ 29} In appellant's second assignment of error, she asserts that the court improperly denied appellant's Motion to Vacate despite having provided the trial court with sufficient evidence to grant relief. *Page 7 
 {¶ 30} In order to prevail on a motion for relief from judgment pursuant to Civ. R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) timeliness of the motion. GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, 351 N.E.2d 113. If any of these three requirements is not met, the motion should be overruled. Svoboda v. Brunswick (1983),6 Ohio St. 3d 348, 351, 453 N.E.2d 648. The question of whether relief should be granted is addressed to the sound discretion of the trial court.Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122.
 {¶ 31} Appellant argues that she had a meritorious claim or defense. Appellant claims a lack of notice which was addressed in the first assignment. At the January 29, 2007 hearing, the trial court asks counsel if appellant had been present would she have presented a defense to abandonment, no contact, etc. Her counsel replied that he could not "speak on the merits of that argument." T. at 20. Therefore, counsel failed to present any evidence of a meritorious defense at the Rule 60(B) Motion hearing.
 {¶ 32} Accordingly, the second assignment of error is overruled.
 III. {¶ 33} In her third assignment of error, appellant claims that she was denied the effective assistance of trial counsel.
 {¶ 34} The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, *Page 8 
i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v.Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.
 {¶ 35} Appellant argues that her trial counsel was ineffective, because he failed to locate her prior to the start of the hearing. The record indicates that appellant's counsel attempted to locate her at least twice. T. at 5. This was a reasonable attempt. Further, counsel puts on the record that he had spoken with his client and she stated she would be present. Id. This action does not rise to the level of deficient performance. Appellant's third assignment fails on the analysis of the first prong of Strickland.
 {¶ 36} Appellant's third assignment of error is overruled.
 IV., V., VI. {¶ 37} Appellant's final three assignments of error attack the sufficiency of evidence which supports the decision of the trial court.
 {¶ 38} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279,376 N.E.2d 578. *Page 9 
 {¶ 39} In appellant's fourth assignment of error, she asserts that the trial court's finding that the children had been abandoned was against the manifest weight of the evidence.
 {¶ 40} Revised Code 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C.2151.414(A)(1) mandates the trial court must schedule a hearing, and provide notice, upon filing of a motion for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care.
 {¶ 41} Following the hearing, R.C. 2151.414(B) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (b) the child is abandoned and the parents cannot be located; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
 {¶ 42} Therefore, R.C. 2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in *Page 10 
R.C. 151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.
 {¶ 43} Revised Code 2151.011(C) reads as follows:
 {¶ 44} "For the purposes of this chapter, a child shall be presumed abandoned when the parents of the child have failed to visit or maintain contact with the child for more than ninety days, regardless of whether the parents resume contact with the child after that period of ninety days."
 {¶ 45} This Court has recognized R.C. 2151.011(C) as a bright line test. See In re Allen, Delaware App. No. 02CAF06028, 2002-Ohio-5555. However, the provision also clearly presents a "presumption" of abandonment after the ninety-day period, which a parent may seek to rebut. See In re Wright, Stark App. No. 2003CA00347, 2004-Ohio-1094, citing In re Cornell, Portage App. No. 2003-P-0054, 2003-Ohio-5007, at f.n. 2.
 {¶ 46} In the case sub judice, the trial court made a finding in the January 4, 2007 Findings of Fact and Conclusions of Law that the child was abandoned due to a failure of the parent to maintain contact with the child for more than ninety (90) days. The SCDJFS caseworker testified that appellant had not had contact with the children since June 28, 2006. T. at 9. Rather, appellant contacted the caseworker. T. at 10.
 {¶ 47} Accordingly, the evidence supports that appellant abandoned her children.
 {¶ 48} Appellant's fourth assignment of error is overruled.
 {¶ 49} In appellant's fifth assignment of error, she argues that the trial court's finding that the children could not be placed with appellant in a reasonable amount of time is against the manifest weight of the evidence. *Page 11 
 {¶ 50} Ohio Revised Code § 2151.414(E) sets forth factors to be weighed to determine whether a child cannot or should not be placed with either parent within a reasonable amount of time.
 {¶ 51} The caseworker testified that appellant had not made any progress on her case plan. T. at 8. In fact, the only portion of the case plan completed was when the children had a psychological evaluation and followed the recommendations. Id. The children were in the custody of SCDJFS at that point and the completion of this portion of the plan was due to the Agency not the appellant. Id. Further, appellant had not contacted the children directly since June 28, 2006.
 {¶ 52} Based on the foregoing and the entire record in this matter, this Court finds that the trial court's finding that the children could not be places with appellant is not against the manifest weight of the evidence.
 {¶ 53} Appellant's fifth assignment of error is overruled.
 {¶ 54} Appellant argues in her sixth and final assignment of error that the trial court failed to determine that SCDJFS made reasonable efforts to prevent the removal of the children from the home.
 {¶ 55} Pursuant to R.C. § 2151.419, the agency which removed the child from the home must have made reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the home, or make it possible for the child to return home safely. The statute assigns the burden of proof to the agency to demonstrate it has made reasonable efforts.
 {¶ 56} This Court discussed this issue In the Matter ofDavidson-Rush/Rush Children, Stark App. No. 2006CA00121, 2006-Ohio-4873. Children services agencies *Page 12 
are statutorily required to develop case plans for children in their custody and the case plans should include objectives for each of the child's parents. R.C. § 2151.412. Thus, when the agency files a complaint requesting permanent custody, a trial court must determine whether the agency made reasonable efforts to return the child to the parents before it authorizes the removal of the child. In reWright, Ross App. No. 01 CA2627, 2002-Ohio-410, at 8. This requirement is applicable regardless of how long the child has been in the agency's temporary custody. Further, the agency has the burden of proving that it made reasonable efforts to implement a reunification plan. R.C. §2151.419(A)(1). A "reasonable effort" is ". . . an honest, purposeful effort, free of malice and the design to defraud or to seek an unconscionable advantage." In re Weaver (1992), 79 Ohio App.3d 59, 63,606 N.E.2d 1011.
 {¶ 57} When a trial court is considering whether the agency made reasonable efforts to prevent the removal, the issue is not whether the agency could have done more, but whether it did enough to satisfy the reasonableness standard under the statute. In re Brewer (Feb. 12, 1996), Belmont App. No. 94-B-28, at 3. "In determining whether reasonable efforts were made, the child's health and safety shall be paramount." R.C. 2151.419(A)(1).
 {¶ 58} SCDJFS implemented a case plan to assist appellant in remedying the problems which caused the removal of the children. As noted earlier, appellant failed to complete any portion of her case plan. The trial court specifically found that "the mother had not complied with any of the case plan requirements." Findings of Fact and Conclusions of Law at 4. Further, appellant and the fathers "have abandoned these children by virtue of their lack of contact with them, their lack of bonding with them, and *Page 13 
their failure of any form of reunification". Id. At 6. The trial court further found that "Requesting photographs, drawing, sending birthday presents and biweekly phone contact with the caseworker certainly does not qualify as meeting important parental responsibilities." Id.
 {¶ 59} Based upon the foregoing and a review of the entire record, this Court finds that the trial court's finding that SCDJFS used reasonable efforts to prevent or return the children to appellant is not against the manifest weight of the evidence.
 {¶ 60} Appellant's sixth assignment of error is overruled.
 {¶ 61} The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
Delaney, J. Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1