SVOBODA, APPELLANT, *v.* CITY OF BRUNSWICK ET AL., APPELLEES.

[Cite as Svoboda *v.* Brunswick (1983), 6 Ohio St. 3d 348.]

(No. 82-915—Decided August 31, 1983.)

*Messrs. Ruggeri, Kersey & Kovacs* and *Mr. George C. Kovacs,* for appellant.

*Mr. Ellis B. Brannon* and *Ms. Patricia A. Walker,* for appellees.

*Per Curiam.* The question in this appeal is whether the trial court erred in holding that the plaintiff was not entitled to relief from judgment under Civ. R. 60 (B). Whether plaintiff is entitled to relief from judgment depends upon whether the particular difficulties he faced in obtaining an attorney may be considered "excusable neglect" under Civ. R. 60 (B)(1).

The extent to which certain actions may be regarded as constituting "excusable neglect" was examined by this court in *Colley* v. *Bazell* (1980), 64 Ohio St. 2d 243, 248 [18 O.O.3d 442], wherein we stated:

"* * * [T]he concept of 'excusable neglect' must be construed in keeping with the proposition that Civ. R. 60 (B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ. R. 60 (B) constitutes an attempt to 'strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.' 11 Wright & Miller, Federal Practice & Procedure 140, Section 2851, quoted in *Doddridge* v. *Fitzpatrick* (1978), 53 Ohio St. 2d 9, 12 [7 O.O.3d 5]."

The trial court had no authority to dismiss the action. There is no Civil Rule, statute or legal precedent empowering a trial court five months after an action is filed and preceding even the setting of a date for pretrial conference, as in this case, to dismiss an action for want of prosecution for failure of plaintiff to obtain legal counsel within ten days after the court's request of plaintiff to obtain such counsel. Nor does diligent research reveal any precedent giving a trial court inherent judicial power to dismiss an action for want of prosecution because one of the parties fails to have legal counsel as requested by the trial court. Moreover, common sense as well as the law

compels a conclusion that a trial judge has no authority to order a party to retain legal counsel. The prohibition against the practice of law by a layman does not prevent a layman from representing himself. 6 Ohio Jurisprudence 3d 611, Attorneys at Law, Section 88; Code of Professional Responsibility, Canon 3, EC 3-7.

The action of the trial court on the facts in this case does not fit within his power to order an involuntary dismissal for failure to prosecute as provided in Civ. R. 41 (B)(1) as follows:

"(1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

The Staff Note to the July 1, 1972 amendment of Civ. R. 41 (B)(1) states:

"Rule 41 (B)(1), governing dismissal of an action for failure of the plaintiff to prosecute, has been reworded by amendment to enhance procedural clarity. As amended, the rule makes clear that a motion, either by the defendant or by the court, is the proper procedural device for implementing the dismissal of an action when plaintiff fails to prosecute or comply with 'these rules' or a court order."

In the case at bar there was no "motion" by the defendant or by the court pertaining to dismissal under Civ. R. 41 (B)(1), or any "court order" within the meaning of such rule with which the plaintiff failed to comply. Furthermore, when the court proceeds under Civ. R. 41 (B)(1) on its own motion to dismiss, it can do so only "after notice to the plaintiff's counsel" or to plaintiff. No such notice was given by the trial court. *In re Appeal of Little Printing Co.* (1980), 70 Ohio App. 2d 182 [24 O.O.3d 284]; *Metcalf* v. *Ohio State Univ. Hosp.* (1981), 2 Ohio App. 3d 166. It was an abuse of discretion by the trial court to dismiss this action for want of prosecution where notice was not given to the plaintiff, or to plaintiff's counsel, prior to dismissal that the action would be dismissed. See *Pembaur* v. *Leis* (1982), 1 Ohio St. 3d 89; *Allstate Ins. Co.* v. *Rule* (1980), 64 Ohio St. 2d 67, 69 [18 O.O.3d 299]; *Curtis* v. *Chiaramonte* (1978), 53 Ohio St. 2d 15 [7 O.O.3d 61].

Furthermore, since the trial court had no right to order plaintiff to obtain legal counsel, it had no right or power to make a valid "court order" within the meaning of Civ. R. 41 (B)(1) to that effect, and then to dismiss the action for failure to comply with such *void* court order.

That in the instant case the trial judge had no lawful authority, under Civ. R. 41 (B)(1) or otherwise, to dismiss this action for want of prosecution distinguishes it from the cases of *Caruso-Ciresi, Inc.* v. *Lohman* (1983), 5 Ohio St. 3d 64, and *Blasco* v. *Mislik* (1982), 69 Ohio St. 2d 684 [23 O.O.3d 684]. Both *Caruso-Ciresi* and *Blasco, supra,* are distinguishable because in those cases the underlying judgments sought to be vacated under Civ. R. 60 (B) were default judgments that were obtained lawfully pursuant to the Civil Rules. By contrast, in the case at bar, there was an unlawful dismissal

of the action because it was predicated upon noncompliance with a *void* court order.

In *Blasco, supra,* the majority recognized at page 685 that "Civ. R. 60 (B) is a remedial rule and should be liberally construed," citing *Colley* v. *Bazell, supra.* This standard of liberality is consistent with the oft-stated general principle that Civ. R. 60 (B)(5) is a provision whereby a court may relieve a party from judgment for any other reason than set forth in Civ. R. 60 (B)(1) to (4) justifying relief from judgment. Our conclusion that the requirements for a motion to vacate have been satisfied herein is buttressed by the purposes of the rule of permitting relief in the interests of justice. Any doubt should be resolved in favor of the movant so that cases may be decided on the merits. *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86]; *Caruso-Ciresi, Inc. v. Lohman, supra,* dissent at page 67.

In view of these considerations and applying the principle that doubt, if any, should be resolved in favor of the motion to vacate, *GTE Automatic Electric, supra,* at page 151; *Samson Sales* v. *Honeywell, Inc.* (1981), 66 Ohio St. 2d 290 [20 O.O.3d 277], at page 294; 7 Moore's Federal Practice (2 Ed.) 232-233, Paragraph 60.19, we find that the trial court erred in refusing to vacate its judgment dismissing the negligence action.

In order to prevail on a motion brought under Civ. R. 60 (B), a movant must show (1) the existence of a meritorious defense or claim, (2) entitlement to relief under one of the grounds set forth in the rule, and (3) that the motion is made within a reasonable time. *GTE Automatic Electric, supra,* paragraph two of the syllabus. Here the plaintiff met all three prongs of the test:

First, plaintiff's complaint set forth sufficient facts to support the existence of a meritorious claim sounding in negligence; second, under the circumstances herein presented, plaintiff's inability to obtain legal counsel constituted "excusable neglect" under Civ. R. 60 (B)(1); and third, plaintiff's Civ. R. 60 (B) motion was made within a "reasonable time" within the meaning of the rule.

The primary objective and function of our courts is to adjudicate cases on the merits by applying the substantive law whenever possible, and not to adjudicate cases with finality upon a strained construction of procedural law yielding unjust results.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the common pleas court for further proceedings consistent with this opinion.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

W. BROWN and HOLMES, JJ., dissent.

WILLIAM B. BROWN, J., dissenting. I strongly dissent to the majority's result for two basic reasons. First, the facts of this case do not, contrary to the majority's finding, demonstrate that the trial court abused its discretion in finding that appellant was not entitled to relief from judgment under Civ. R. 60 (B). Secondly, the majority, by concentrating its primary focus on whether the underlying dismissal in this case was proper under Civ. R. 41, improperly allows a Civ. R. 60 (B) motion to be used as a substitute for appeal.

In the memorandum which accompanied his Civ. R. 60 (B) motion, appellant asserted simply that he was seeking relief "* * * because, through no fault of his own, his attorney resigned from the case, and in spite of diligent efforts * * * [he] was unable to obtain substitute counsel until now." Appellant further stated that "[c]ertainly, this set of circumstances places * * * [his case] within the aegis of excusable neglect * * *."

Notably, no affidavit or any other supporting evidence whatsoever accompanied appellant's motion.[1]

Nonetheless, and perhaps in an attempt to give appellant every opportunity to prove his case, the trial court afforded appellant an oral hearing on this motion. The transcript of this hearing, however, has not been made a part of the record of this case. This court has previously held that under such circumstances, the reviewing court " '* * * has no alternative but to indulge the presumption of the regularity of the proceedings and the validity of the judgment in the trial court.' " *Ostrander* v. *Parker-Fallis* (1972), 29 Ohio St. 2d 72, 74 [58 O.O.2d 117].

Resultantly, then, the only evidence before this court in support of the claim of excusable neglect is appellant's bold, unsubstantiated allegation in his memorandum in support of his motion that he was unable to retain counsel. It is upon this bare allegation that the majority herein finds that the trial court abused its discretion in denying appellant's Civ. R. 60 (B) motion. This assertion alone is clearly inadequate to support a finding of excusable neglect let alone a finding that the trial court acted unreasonably, unjustly or with an unconscionable attitude,[2] as the majority so finds, in reaching its results.

In my opinion, the appellant has not met his burden of proof[3] that the

---

[1] The first evidence of his alleged difficulty in retaining counsel was submitted by appellant, in the form of an affidavit, as part of the brief to the court of appeals which appellees request, by way of a motion to this court, to be stricken from the record.

[2] "Judicial discretion" was defined in *Krupp* v. *Poor* (1970), 24 Ohio St. 2d 123 [53 O.O.2d 320], paragraph two of the syllabus, as follows:

"Judicial discretion is the option which a judge may exercise between the doing and not doing of a thing which cannot be demanded as an absolute right, guided by the spirit, principles and analogies of the law, and founded upon the reason and conscience of the judge, to a just result in the light of the particular circumstances of the case."

[3] See *Colley* v. *Bazell* (1980), 64 Ohio St. 2d 243 [18 O.O.3d 442].

judgment rendered resulted from excusable neglect. Since appellant has failed to meet one of the three prongs necessary for relief pursuant to Civ. R. 60 (B), appellant's claim must fail and this court need not consider whether the other two prongs of the test were met. See *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86].

While I am indeed troubled that the majority has relied on so very little not only to grant the appellant so much but to also find that the trial court abused its discretion, the majority opinion is disconcerting for yet another, more fundamental reason. The major focus of the majority opinion and the bulk of its discussion relates to whether the underlying dismissal in this case was proper under Civ. R. 41. Such a focus is clearly misplaced. The proper focus in this case should be on whether appellant's failure to get a new attorney constituted excusable neglect. The proper way to challenge the propriety of the trial court's dismissal is through appeal, not by way of a Civ. R. 60 (B) motion.[4] By allowing a Civ. R. 60 (B) motion to become a substitute for a right of appeal, the majority has severely undercut the integrity of our judicial system. Not only has the majority aided appellant in his attempt to circumvent the applicable statute of limitations set forth by the General Assembly, it has also severely undermined the concept of finality of judgments as that term is used in Ohio jurisprudence.

HOLMES, J., dissenting. The specific issue presented here is whether the appellant, upon motion to vacate a judgment pursuant to Civ. R. 60 (B), has demonstrated that he falls within one of the grounds set forth in Civ. R. 60 (B)(1) through (5). Here, appellant argues that he would come within the purview of Civ. R. 60 (B)(1), "excusable neglect." Thus, the question becomes, was appellant's failure to get a new attorney, after having been ordered to do so twice by the trial court, excusable neglect? At the outset, it should be noted that it is not the propriety of the trial court's order which is being challenged here, for to directly challenge the propriety of the trial court's order would be to allow Civ. R. 60 (B) to become a substitute for a right of appeal. Rather, the question is whether appellant's failure to comply with this order is excusable.

In my view, appellant has failed to demonstrate that his neglect was in any way excusable. Appellant was informed by his former counsel on September 30, 1980, more than five months before his suit was dismissed, that he must obtain new counsel or risk dismissal. In the ensuing five months he was warned twice by the trial court that he would risk dismissal if he was unable to secure new counsel. He failed to do so.

Accordingly, the judgment of the court of appeals should be affirmed.

---

[4] 7 Moore, Federal Practice (2 Ed.) 217, Paragraph 60.18[8].