LONGSTREET, APPELLEE, *v.*
LONGSTREET, APPELLANT.

(No. 55220—Decided
April 24, 1989.)

*A. Clifford Thornton, Jr.,* for appellee.

*Jeffry C. Gerber,* for appellant.

PRYATEL, J. The marriage of James Longstreet and Jacqueline G. Longstreet was dissolved on August 5, 1986 by a judgment entry in the Court of Common Pleas of Cuyahoga County, Division of Domestic Relations. Both parties were represented by the same lawyer — who was selected by the husband. On November 16, 1987, defendant Jacqueline Longstreet filed a motion for relief from judgment seeking to set aside the parties' dissolution on the ground she was mentally unsound at the time of its execution. The trial court denied defendant's motion for relief from judgment, without an oral hearing, in an order journalized December 15, 1987. Defendant filed a timely notice of appeal assigning two errors.

Defendant's assignments of error follow:

"I. The trial court committed reversible error, by overruling the wife's motion for relief from judgment.

"A. The dissolution judgment (of August 5, 1986) was *void* from inception, due to the wife's mental infirmity.

"B. The dissolution was *voidable* for: (1) mental unsoundness, (2) failure to disclose, (3) dual representation and (4) fraud on the court, Civ. R. 60(B)(5).

"C. The court denied due process to prejudice appellant, when it ruled (J.E. December 15, 1987) before she could discover and present evidence, U.S. Const. Amdts. 5 and 14; and its judgment has erroneous findings of fact and conclusions of law; and the husband's motion was not served for seven weeks and after judgment thereon.

"II. On a motion for relief from judgment, where both parties request an evidentiary hearing, and file conflicting affidavits, a trial court which denies such hearing:

"A. Commits reversible error; and

"B. Abuses its discretion."

Defendant argues the trial court erred when it denied her motion for relief from judgment on grounds it was not timely filed. Defendant's argument is persuasive:

"In order to prevail on a motion for relief from judgment pursuant to Civ. R. 60(B), the movant must demonstate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) timeliness of the motion. *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146, 1 O.O. 3d 86, 351 N.E. 2d 113, paragraph two of the syllabus. If any of these three requirements is not met, the motion should be overruled. *Svoboda* v. *Brunswick* (1983), 6 Ohio St. 3d 348, 351, 6 OBR 403, 406, 453 N.E. 2d

648, 651. The question of whether relief should be granted is addressed to the sound discretion of the trial court. *Griffey* v. *Rajan* (1987), 33 Ohio St. 3d 75, 77, 514 N.E. 2d 1122, 1123." *Rose Chevrolet, Inc.* v. *Adams* (1988), 36 Ohio St. 3d 17, 20, 520 N.E. 2d 564, 566.

Civ. R. 60(B) provides in relevant part as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; *(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.* The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules." (Emphasis added.)

Defendant's motion for relief from judgment stated:

"She [defendant] further moves this Court for relief from its Judgment * * * pursuant to Civ. R. 75(A), 60(B)(4) and 60(B)(5), on the grounds that the Husband fraudulently took the marital home by conveyance in the Dissolution and later Quitclaim Deed, by defrauding this Court. He has further defrauded this Court, the Wife and Creditors, by reconveying it for $79,000 in about October of 1987."

Defendant's motion and affidavit alleged fraudulent acts by her ex-husband as grounds for the motion. Defendant alleges her ex-husband misrepresented to the court that the marital home was worth $50,000 when, fourteen months after the dissolution, he sold the home for $79,000. Defendant further alleged she was in psychotherapy prior to and during the dissolution of marriage and was incapable of making an effective decision for herself. This allegation was supported by a statement from defendant's clinical psychologist, who treated defendant for several years prior to and during her dissolution of marriage. Defendant also alleged plaintiff husband retained legal counsel and since defendant could not afford her own attorney, defendant and plaintiff employed the same attorney to draft the separation agreement. Thus, defendant's motion for relief from judgment was based upon Civ. R. 60(B)(4) and (5) and hence need *not* be filed within one year after the judgment granting the parties' dissolution. The trial court erred when it denied defendant's motion for relief from judgment on the ground it was untimely filed.

In her second assignment of error, defendant contends the trial court abused its discretion when it refused to grant defendant an oral hearing on her Civ. R. 60(B) motion for relief from judgment before it overruled the motion. Defendant's contention also is convincing:

"If the movant files a motion for relief from judgment and it contains

allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion. This is proper and is not an abuse of discretion. If under the foregoing circumstances, the trial court does not grant a hearing and overrules the motion without first affording an opportunity to the movant to present evidence in support of the motion its failure to grant a hearing is an abuse of discretion." *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97, 105, 68 O.O. 2d 251, 255, 316 N.E. 2d 469, 476.

In the instant case, defendant's motion for relief from judgment contained operative facts which would warrant relief under Civ. R. 60(B). Plaintiff-husband's material non-disclosure of the value of the marital home is sufficient ground under Civ. R. 60(B)(5) to obtain relief from the judgment. See, *e.g., Hartup* v. *Hartup* (Sept. 4, 1986), Cuyahoga App. No. 51919, unreported. Furthermore, defendant was undergoing psychotherapy treatment prior to and during the dissolution of marriage proceedings. Thus, the trial court abused its discretion when it refused to grant defendant an oral hearing on her Civ. R. 60(B) motion, since defendant's motion contained operative facts which would warrant relief under Civ. R. 60(B).

Accordingly, defendant's assignments of error are well-taken and sustained.

*Judgment reversed*
*and cause remanded.*

MATIA, P.J., and SWEENEY, J., concur.

AUGUST PRYATEL, J., retired, of the Eighth Appellate District, sitting by assignment.