DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Rebecca J. Lippus, has filed an application for reconsideration of this court's decision and judgment entry, journalized on January 25, 2007[1], in which we dismissed her appeal stating that the order she wished to appeal is not a final appealable order. Appellee has not filed a response to the motion. In ruling on a motion *Page 2 
to reconsider, this court follows Matthews v. Matthews (1981),5 Ohio App.3d 140, where paragraph two of the syllabus states:
 {¶ 2} "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. (App.R. 26, construed.)"
 {¶ 3} We find that appellant has brought to our attention an issue we did not consider when we originally found that her appeal is taken from a non-final appealable order.
 {¶ 4} This case originated when appellant, Rebecca Lippus, filed a complaint for divorce against her husband. When Lippus and her attorney did not appear for the scheduled trial in this case, the judge issued an involuntary dismissal of the divorce action without prejudice for want of prosecution pursuant to Civ.R. 41(B)(1), which states:
 {¶ 5} "Involuntary dismissal: effect thereof
 {¶ 6} "(1) Failure to Prosecute. Where a plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiffs counsel, dismissed an action or claim."
 {¶ 7} Lippus states that she was not given prior notice of the involuntary dismissal. *Page 3 
 {¶ 8} Lippus appealed and we dismissed the appeal finding that a dismissal without prejudice is not a final appealable order. Lippus challenges that ruling stating that the cases we relied on in dismissing her appeal can be distinguished from this case in one important respect. Lippus states that in the cases we relied on, the parties who had their cases dismissed involuntarily without prejudice were able to refile their cases without giving up any of their rights. In contrast, Lippus states that in her case, if the original divorce action is dismissed and she must refile it, she will lose her right to collect the ordered but unpaid child and spousal support payments due to her that had accumulated during the pendency of the divorce. Lippus further argues, more broadly, that if an order involuntarily dismissing a case without prejudice pursuant to Civ.R. 41(B)(1) is not appealable, then a trial court may improperly dismiss a case without notice (as required by the rules) with impunity as long as the trial court states that the dismissal is without prejudice.
 {¶ 9} This seemingly simple issue has become surprisingly complicated. See Stafford v. Hetman (June 4, 1998), 8th Dist. No. 72825, for a discussion of the problems surrounding these dismissals. As pointed out in the Stafford case, the Supreme Court of Ohio has issued two decisions which appear to be at odds with each other; Hensley v. Henry (1980), 61 Ohio St. 2d 277 and Svoboda v. City of Brunswick (1983),6 Ohio St.3d 348. In our view, these two cases can be read as not conflicting with each other.
 {¶ 10} In Hensley, a plaintiff filed a notice of voluntary dismissal without prejudice and later changed his mind and filed a Civ.R. 60(B) motion to vacate the *Page 4 
dismissal and reinstate his case. The Supreme Court of Ohio stated that since the Civ.R. 41(A)(1) voluntary dismissal without prejudice is not a final appealable order, it cannot be attacked by a Civ.R. 60(B) motion. The Ohio Supreme Court stated that the notice of voluntary dismissal did not operate "as an adjudication on the merits" and it was therefore not a final order that could be challenged by a Civ.R. 60(B) motion to vacate.
 {¶ 11} In Svoboda, the court addressed an involuntary dismissal without prejudice for failure to prosecute under Civ.R. 41(B)(1). Plaintiff filed a Civ.R. 60(B) motion that was denied by the trial court. Plaintiff appealed and the case made its way to the Ohio Supreme Court which reversed the trial court, holding that since no notice was given to the plaintiff prior to the involuntary dismissal, the dismissal was in error. The majority of the court did not address the issue of final appealability.[2]
 {¶ 12} In our view, the obvious difference between theHensley case and the Svoboda case is that in Svoboda the dismissal was involuntary. We find that where a party's case is involuntarily dismissed by the trial court, and because of that dismissal any rights of the party are extinguished and will not be able to be reasserted in a refiled case, that party has the right to appeal the dismissal pursuant to R.C. 2505.02(B)(1) because it is "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." In the instant case, the judgment that is prevented is *Page 5 
plaintiffs claim for ordered but unpaid child and spousal support payments that had accumulated during the pendency of the divorce.
 {¶ 13} We find that our holding in this case is in conflict withEbbets Partners, Ltd. v. Day, 171 Ohio App.3d 20, 2007-Ohio-1667 andStafford v. Hetman (June 4, 1998), 8th Dist. No. 72825.
 {¶ 14} Article IV, Section 3(B)(4) of the Ohio Constitution states:
 {¶ 15} "Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination."
 {¶ 16} Given this actual conflict between our district and the Second and Eighth Appellate Districts, we hereby certify the record of this case to the Supreme Court of Ohio for review and final determination on the following question:
 {¶ 17} Where a party's case is involuntarily dismissed by the trial court under Civ.R. 41(B)(1), is that dismissal order final and appealable?
 {¶ 18} The parties are directed to S. Ct. Prac. R. IV for guidance in how to proceed.
 {¶ 19} Accordingly, the motion to reconsider is granted and this appeal is reinstated to the court's docket. The record in this appeal shall be filed within 40 days of the date of this decision and judgment entry. *Page 6 
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., Concur.
[1] After appellant filed her motion to reconsider, this case was stayed pending the parties' bankruptcy proceedings. On November 13, 2007, appellant notified the court that the bankruptcies were concluded. The court reinstated this case to its docket and the motion for reconsideration is now decisional.
[2] At least two appellate districts have also heard appeals from orders that involuntarily dismiss an action for want of prosecution. These cases do not address the final appealability issue. Cunningham v.Cunningham (June 16, 1998), 10th Dist. No. 97APF10-1409; Woodson v.Highland Beefalo Farms, Inc. (1996), 116 Ohio App.3d 38 (12th District). *Page 1