OPINION *Page 2 
{¶ 1} Appellant, Derek Paige, appeals the trial court's denial of his motion to vacate the trial court's judgment entry of involuntary dismissal entered on September 11, 2006, and the trial court's judgment entry vacating appellant's "agreed" entry filed on January 16, 2007. Appellee is Janae Paige.
 STATEMENT OF FACTS AND CASE {¶ 2} On May 17, 2004, appellee, Janae Paige, filed a complaint for divorce against appellant, Derek Paige. On July 12, 2004, a Final Divorce Decree was filed which incorporated a separation agreement. The separation agreement designated appellee as the primary residential parent of the parties' minor child, Jadyn Paige, with liberal visitation granted to the appellant.
 {¶ 3} On August 19, 2005, appellant, by and through counsel, Attorney Agatha Martin Williams filed a motion to modify parental rights.
 {¶ 4} On July 27, 2006, the parties appeared before Magistrate Hall on appellant's motion for modification of parental rights. During the hearing, the parties read an agreement into the record. On July 28, 2006, the magistrate issued a written order requiring the parties to submit and file an agreed entry within fourteen days. Neither party filed an agreed entry.
 {¶ 5} As the result of the failure to file an agreed entry, on September 11, 2006, by sua sponte Judgment Entry, the court dismissed the motion for failure to prosecute. In the entry the court stated, "All pending motions before this Court are hereby dismissed for want of prosecution. Deposit ordered applied. No record. CC [:] Attorney M. Boske, Attorney A. Williams." (See Judgment Entry filed September 11, 2006). The *Page 3 
trial court docket indicated that a copy of the judgment entry of dismissal was served on the attorneys by placement in their "interoffice box." This dismissal entry was signed by Judge Stucki.
 {¶ 6} Thereafter, more than a month later, on October 19, 2006, appellant filed an "Agreed Judgment Entry". The caption of the agreed entry improperly listed Judge Howard as being the assigned judge.[1]
As a result, Judge Howard was presented with, and signed, the agreed entry. The "approved by" portion of the entry was blank i.e. the attorney for appellee had not signed on the approval line of the agreed entry.
 {¶ 7} On December 18, 2006, appellee filed a Motion for Relief from Judgment. In the motion, the appellee argued that the "agreed" entry did not accurately reflect the July 27, 2006, agreement of the parties. Appellee also argued that the judgment had been improperly signed by Judge Howard when the case had been assigned to Judge Stucki. Finally, appellee argued that the "agreed" entry was void because the matter had been dismissed on September 11, 2006, for want of prosecution.
 {¶ 8} On January 16, 2007, the trial court held a hearing on appellee's motion for relief from judgment. The hearing was held before Judge Stucki. In the written motion, appellee's proof of service stated that the motion for relief from judgment and hearing date had been served upon the appellant's counsel, Agatha Martin Williams. Attorney Agatha Martin Williams was not present at the hearing.
 {¶ 9} During the hearing, the court stated that, since the agreed judgment was submitted after the case was closed, it was a nullity. The court further stated, "So I guess I technically * * * don't need a Motion for Relief but for clarity I'm saying that the *Page 4 
Motion for Relief is sustained * * *." (Transcript of hearing on January 16, 2007, at pages 4-5). By judgment entry, the court further held that the defendant could petition the court for visitation as may be needed if done properly by motion.
 {¶ 10} On May 25, 2007, appellant filed the following motion; "DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT DATED September 11, 2006 January 16, 2007 UNDER CIVIL RULE 60(B)." In the motion, appellant stated that in April of 2007, appellant's counsel discovered that appellant's Motion for Modification had been dismissed by the trial court for want of prosecution on September 11, 2006, and that, upon motion of appellee, the trial court had vacated the appellant's "agreed" entry on January 16, 2007. Appellant's counsel argued that neither she nor her client had been served with the September 11, 2006, judgment entry of dismissal or with appellee's December 18, 2006, motion for relief from judgment. Counsel further argued that she had not been notified that the Motion for Modification would be dismissed for want of prosecution if the agreed entry was not filed within fourteen days. Supporting affidavits of both Attorney Williams and the appellant were filed with the motion for relief from judgment.
 {¶ 11} On August 13, 2007, the parties appeared for a hearing before a magistrate on appellant's motion for relief from the trial court's judgments which had been issued on September 11, 2006, and January 16, 2007.
 {¶ 12} On August 13, 2007, by judgment entry, the trial court held as follows: "The court has had an opportunity to review this entire matter including the transcripts of *Page 5 
proceedings from the July 27, 2006 hearing. The def's 5-25-7 Motion for Relief is OVERRULED."[2]
 {¶ 13} It is from the August 13, 2007, denial of the motion to vacate the September 11, 2006, and January 16, 2007, entries of the court that appellant now seeks to appeal setting forth the following assignments of error:
 {¶ 14} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING THE DEFENDANT-APPELLANT'S CASE WITHOUT NOTICE TO THE PARTIES DENYING HIS CONSTITUTIONAL RIGHT OF DUE PROCESS.
 {¶ 15} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION BY NOT DIRECTING THE CLERK TO PROPERLY SERVE NOTICE TO ALL PARTIES OF THE JUDGMENT ENTRY DATED SEPTEMBER 11, 2006 PURSUANT TO CIVIL RULE 5.
 {¶ 16} "III. THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING THE PLAINTIFF-APPELLEE'S CIVIL RULE 60(B) AS A `MATERIAL MISREPRESENTATION' AND NULLITY.
 {¶ 17} "IV. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION BY ALLOWING THE HEARING TO GO FORWARD ON JANUARY 16, 2007, WHEN SERVICE OF PROCESS WAS NOT COMPLETE UPON DEFENDANT-APPELLANT OR DEFENDANT-APPELLEE'S COUNSEL."
 {¶ 18} Also pending before this Court is appellee's motion to dismiss the appeal for lack of jurisdiction. In the motion to dismiss, appellee argues that the appellant has *Page 6 
failed to file a timely appeal and/or in the alternative that this court lacks jurisdiction because appellant has appealed from a non-final order. Appellant's motion to dismiss shall be addressed in the following opinion.
 {¶ 19} Appellee, in his motion to dismiss this appeal, argues, in part, that appellant has failed to file a timely appeal. An examination of the wording of appellant's four assignments of error does lead to the conclusion that this appeal is untimely. In the statements of the first two assignments of error, appellant basically sets forth that the trial erred in issuing its September 11, 2006, entry. In the statements of the third and fourth assignments of error, appellant basically sets forth that the trial court erred in its January 16, 2007, judgment entry. But, appellant did not file a notice of appeal until September 7, 2007, and sought no leave to file a late appeal. Therefore, if appellant were filing a direct appeal of the September 11, 2006, entry and the January 16, 2007, entry, that appeal would appear to be too late. But, the appellant indicates in his Notice of Appeal that he is appealing the trial court's August 13, 2007, entry. Thus, we conclude that appellant is appealing the August 13, 2007, order of the trial court which denied appellant's motions to vacate the September 11, 2006, entry and the January 16, 2007, entry.
 I, II {¶ 20} The first and second assignments of error are interrelated and shall be considered together. In the first and second assignments of error, appellant essentially argues that the trial court abused its discretion in failing to grant appellant relief from the trial court's September 11, 2006, judgment entry of dismissal for want of prosecution. Appellant argues that he is entitled to relief from the judgment of dismissal for want of *Page 7 
prosecution pursuant to Civ. R. 60(B) because the trial court failed to give appellant prior notice of the dismissal, thereby, violating his due process rights and because the trial court failed to serve appellant with the dismissal entry. In response, appellee argues, in part, that the trial court's September 11, 2006, dismissal for want of prosecution is a non-final order and, therefore, this Court lacks jurisdiction to consider appellant's first and second assignments of error. We agree with appellee.
 {¶ 21} Civ. R. 41(B)(1) states that "[w]here a plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or a claim."
 {¶ 22} R.C. 2505.02(B) defines final orders as follows:
 {¶ 23} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 24} "An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 25} "An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 26} "An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 27} "An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 28} "The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy. *Page 8 
 {¶ 29} "The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 30} Generally, where a cause is dismissed without prejudice and otherwise than on the merits pursuant to Civ. R. 41(B)(1), the parties are left in the same position as if the plaintiff had never brought the action. Central Mut. Ins. Co, v. Bradford-White (1987),35 Ohio App. 3d 26, 519 N.E. 2d 422. Therefore, a dismissal without prejudice is not a final determination of the rights of the parties and does not constitute a final order pursuant to R.C. 2505.02. Id. See also Lantsberry v.Tilley Lamp Co. (1971), 27 Ohio St. 2d 303, 272 N.E. 2d 127;Schindler v. Standard Oil Co. (1956), 165 Ohio St. 76, 133 N.E. 2d 127; See also, McIntosh v. Slick, Stark App. Nos. 2001CA00268 and 2001CA00273, 2002-Ohio-3599.
 {¶ 31} We note that in Svoboda v. Brunswick (1983), 6 Ohio St. 3d 348,453 N.E. 2d 648, the Supreme Court held that dismissals, whether with or without prejudice, can only be entered after notice to the affected party. In Svoboda, the Supreme Court considered a dismissal without prejudice for failure to prosecute that had been challenged pursuant to a motion for relief from judgment. The Supreme Court found that the trial court erred by dismissing the matter without prejudice for failure to prosecute when it failed to give the plaintiff notice of its intent to dismiss. Svoboda, 6 Ohio St.3d at 350, 453 N.E.2d 648.
 {¶ 32} However, in Stafford v. Hetman, Cuyahoga App. No. 72825, (decided June 4, 1998), unreported, 1998 WL 289383 and Ebbets Partners,Ltd. v. Day, 171 Ohio App.3d 20, 22-23, 2007-Ohio-1667, 869 N.E.2d 110, the courts stated that the *Page 9 Svoboa court in its per curiam decision appears to have sidestepped jurisdictional limitations and reached its conclusion without any discussion concerning the finality of the order of dismissal without prejudice. Both Stafford and Ebbets Partner, Ltd. considered the finality of a trial court's involuntary dismissal without prejudice and discussed the problems surrounding Civ. R. 41(B)(1), i.e. involuntary dismissals without prejudice. Both court's relied on the Supreme Court's decision in Hensley v. Henry (1980), 61 Ohio St.2d 277, 400 N.E.2d 1352, in concluding that an involuntary dismissal without prejudice with or without prior notice is not a final, appealable order.
 {¶ 33} In Hensley, prior to the commencement of trial, the plaintiff requested a continuance which was denied by the trial court. As a result, the plaintiffs voluntarily dismissed the cause of action without prejudice. Thereafter, the plaintiff discovered that a re-filing might not be possible due to the applicable statute of limitations and filed a motion for relief from the voluntary dismissal. The trial court granted the plaintiff's motion for relief. The Court of Appeals affirmed the judgment, ruling that, in effect, Civ. R. 60(B) permitted the trial court to relieve a plaintiff from the consequences of Civ. R. 41(A)(1). The appellate court's decision was then appealed to the Supreme Court. On appeal, the Supreme Court held that the plaintiff's voluntary dismissal pursuant to Civ. R. 41(A)(1) "did not operate as an adjudication on the merits because the plaintiff had not previously dismissed in any court an action based on the same claim and because the notice of dismissal did not otherwise state that it should so operate." Id. at 279. The court further stated that the trial court was incompetent to grant plaintiff relief pursuant to Civ. R. 60(B) because the rule only permits the court to grant relief from "final judgment(s), order(s), or proceeding(s)" Id. at 279. *Page 10 
 {¶ 34} In Hetman, supra, the court stated that "[a] dismissal without prejudice relieves the court of all jurisdiction over the matter, and the action is treated as though it had never been commenced, it makes no difference whether the dismissal occurred voluntarily or involuntarily the net effect is the same." Id., See also Zimmie v. Zimmie (1984),11 Ohio St.3d 94, 95, 464 N.E.2d 142; DeVille Photography, Inc. v.Bowers (1959), 169 Ohio St. 267, 272, 159 N.E.2d 443; Conley v.Jenkins (1991), 77 Ohio App.3d 511, 517, 602 N.E.2d 1187. The court reasoned that "If the action had never been commenced, it follows that nothing could have been determined with the kind of finality required by R.C. 2505.02." Id.
 {¶ 35} In Ebbets Partners, Ltd., supra, a case substantially similar to the case sub judice, the trial court involuntarily dismissed a case for failure to prosecute without prior notice to the parties. On appeal, the court held that, although the trial court should have provided notice to the parties prior to its involuntary dismissal, the error was not prejudicial because on "their own accord and without penalty" the parties could have re-filed the matter. The court held that because the matter was dismissed without prejudice, it was decided other than on the merits, and therefore, the order was not final. Accordingly, the court dismissed the matter for lack of jurisdiction.
 {¶ 36} In Lippus v. Lippus, Erie App. No. E-07-003, 2007-Ohio-6886, the Sixth District Court of Appeals stated that the determination of whether a dismissal for want of prosecution is a final order is a "seemingly simple issue" which "has become surprisingly complicated." Id. at paragraph 9. In Lippus, initially the appellate court dismissed the appellant's timely appeal from the trial court's dismissal of her divorce action for want of prosecution, finding that the order of dismissal for want of prosecution *Page 11 
was not a final, appealable order. The appellant then filed a motion for reconsideration of the appellate court's ruling, arguing that the cases upon which the court relied could be distinguished from her case in one important respect. The appellant argued that, in the cases relied upon by the reviewing court, the parties were able to re-file their cases without giving up any of their rights. The appellant argued that in her case, if the original divorce action were dismissed for want of prosecution and she had to re-file the action, she would lose her right to collect the ordered but not paid child support and spousal support payments that had accumulated during the pendency of the divorce.
 {¶ 37} Upon appellant's motion for reconsideration, theLippus court stated, as follows: "In our view, the obvious difference between the Hensley case and the Svoboda case is that inSvoboda the dismissal was involuntary. We find that where a party's case is involuntarily dismissed by the trial court, and because of the [involuntary] dismissal any rights of the party are extinguished and will not be able to be reasserted in a refiled case, that party has the right to appeal the dismissal pursuant to R.C. 2505.02(B)(1) because it is `[a]n order that affects a substantial right in an action that in effect determines the action and prevents judgment". The Lippus court proceeded to grant the motion to reconsider and reinstated the appeal.Lippus at paragraph 19.
 {¶ 38} On December 20, 2007, the Lippus court certified the following question to the Supreme Court for review: "Where a party's case is involuntarily dismissed by the trial court under Civ. R. 41(B)(1), is that dismissal order final and appealable?" Lippus at paragraph 17.[3]
However, the appeal was never perfected by the parties. *Page 12 
 {¶ 39} In the case sub judice, appellant's motion for modification of parental rights was involuntarily dismissed for want of prosecution. The trial court indicated in the January 16, 2007, entry that the request for modification could be re-filed and, if properly presented, would be considered by the court. The language of the January 16, 2007, entry contemplated that the appellant could and, most likely would, re-file the action. Furthermore, nothing precluded a re-filing of the motion for modification of parental rights. As such the dismissal for want of prosecution was without prejudice.
 {¶ 40} Moreover, the involuntary dismissal did not affect a substantial right. Appellant's requested modification was a modification of the appellant's parenting time to accommodate his work schedule. In his affidavit in support of the motion for relief from judgment, the appellant stated that the parties had been successfully cooperating to accommodate appellant's work schedule up to the time that the motion for relief was filed. Appellant did not state in the motion for relief and/or this appeal that there were certain rights that he would be giving up in the event that he would have to re-file his request for modification or that a re-filing of the motion for modification would prejudice his intent to seek modification of his parenting time. Furthermore, appellant does not deny that the matter may be re-filed for further consideration by the trial court.
 {¶ 41} For these reasons, we find this case to be distinguishable fromLippus. We further find that the Supreme Court's decision in Hensley v.Henry is controlling in the case sub judice. Accordingly, we find that the trial court's order of dismissal for want of prosecution was a non-final order. Therefore, because the involuntary dismissal on September 11, 2006, is a non-final order, the order declining to grant Civ. R. 60(B) relief can not be a final order. See Whitaker Merrell v.Guepel Co. (1972), 29 Ohio St.2d 184, *Page 13 280 N.E.2d 922; See also Pinson v. Triplett (1983), 9 Ohio App.3d 46,458 N.E.2d 461; Fifth Third Bank v. Rose, Gallia App. Nos. 07CA8 and 07CA9, 2008-Ohio-3919 at paragraph 12. Furthermore, only final orders are subject to appellate review. Noble v. Colwell (1989),44 Ohio St.3d 155, 556 N.E.2d 1169. Since the denial of appellant's motion for relief from the September 11, 2006, judgment entry is a non-final order, this Court lacks jurisdiction to consider appellant's first and second assignments of error.
 III {¶ 42} In the third assignment of error, the appellant argues that the trial court abused its discretion in failing to vacate the January 16, 2007, judgment in which the trial court found appellant's agreed entry, filed after the involuntary dismissal of the motion to modify parental rights, to be a nullity. We disagree.
 {¶ 43} A void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act.State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306. A trial court has the inherent power to set aside a null and void judgment. Lincoln Tavern, Inc. v. Snader (1956), 165 Ohio St. 61,133 N.E.2d 606, See, also, Molz v. Magdych, Trumbull App. No. 96-T-5396, (August 23, 1996), unreported, 1997 WL 537858, citing Thorpe v.Oakford, Portage App. No. 94-P-0057, (January 19, 1996), unreported,1996 WL 200580; see, also, Patton v. Diemer (1988), 35 Ohio St.3d 68,518 N.E.2d 941, paragraph four of the syllabus ("The authority to vacate a void judgment is not derived from Civ. R. 60(B) but rather constitutes an inherent power possessed by Ohio courts"). *Page 14 
 {¶ 44} "No amount of acquiescence can make a void judgment valid."State ex rel. Tackett v. Dayton, Montgomery App. No. 6742, (June 25, 1981), unreported, 1981 WL 2838.
 {¶ 45} In the case sub judice, the court entered the judgment of dismissal for want of prosecution. The court indicated that a motion to modify could be re-filed with the court for further consideration. After the dismissal for want of prosecution, and without re-filing the motion to modify, the appellant filed an agreed entry. The entry was not signed by the parties and was improperly presented for signature before Judge Howard. Judge Howard, not being the assigned judge, appeared to have no knowledge that Judge Stucki, the assigned judge, had dismissed the matter for want of prosecution. The effect of the agreed entry was to enter a judgment without the authority to act. There was no authority to act because there was no longer a motion pending with the court. The dismissal without prejudice had the effect of eliminating the action as if the motion to modify had never been filed. See Stafford v.Hetman supra; Hensley v. Henry, supra. Therefore, the agreed entry was null and void with no force and effect.
 {¶ 46} Appellee properly brought the void judgment to the attention of the trial court by filing a motion to vacate. The trial court properly held that a motion to vacate was not necessary where a judgment is void, but in the interest of clarity, the trial court vacated the agreed entry.
 {¶ 47} We find that it was within the inherent power of the court to vacate the null and void agreed entry. Accordingly, we find that the trial court did not abuse its *Page 15 
discretion in denying appellant's motion for relief from the January 16, 2007, judgment entry.
 {¶ 48} For these reasons, appellant's third assignment of error is not well taken and is hereby overruled. It is so ordered.
 IV {¶ 49} In the fourth assignment of error, the appellant argues that the trial court abused its discretion in failing to grant his motion for relief from the January 16, 2007, judgment because the appellee had failed to properly serve the appellant with a copy of the motion for relief from judgment and a notice of hearing. Appellant further argues that because the matter had been dismissed and the motion had not been properly served on either the appellant or appellant's counsel, the trial court lacked personal jurisdiction over the appellant and, therefore, lacked jurisdiction to grant appellee's request for relief. Appellant argues that, therefore, the trial court's judgment filed on January 16, 2007, is void for lack of jurisdiction. We disagree.
 {¶ 50} As we previously recognized, "[t]he authority to vacate a void judgment is not derived from Civ. R. 60(B) but rather constitutes an inherent power possessed by Ohio courts." Patton v. Diemer (1988),35 Ohio St.3d 68, 518 N.E.2d 941, paragraph four of the syllabus. Therefore, trial court in the case sub judice had the inherent authority to vacate the void agreed entry with or without a motion to vacate. *Page 16 
 {¶ 51} Accordingly, appellant's fourth assignment of error is not well taken and is hereby overruled.
 {¶ 52} Therefore, the appeal of the portion of the trial court's August 13, 2007, judgment entry denying the motion to vacate the September 11, 2006, entry is dismissed.
 {¶ 53} The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is hereby affirmed.
 Edwards, J. Gwin, P.J. and Wise, J. concur *Page 17 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.
[1] It appears that there was some confusion by the parties about the case assignment. Throughout the proceedings both Judge Stucki and Judge Howard were listed in the pleadings as being the assigned judge. Judge Stucki was the judge assigned to the case.
[2] Although the magistrate heard the arguments and took the matter under advisement, the record reflects that the magistrate did not issue a decision. Rather, a judgment was issued by Judge Stucki after a review of the hearing transcripts.
[3] The court held, "[g]iven the actual conflict between our district and the Second and Eighth Appellate Districts, we hereby certify the record of this case to the Supreme Court of Ohio for review and final determination * * *." Lippus at paragraph 16. *Page 1