LIPPUS, Appellant,

v.

LIPPUS, Appellee.

[Cite as *Lippus v. Lippus*, 180 Ohio App.3d 592, 2009-Ohio-216.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–07–003.

Decided Jan. 16, 2009.

---

Ronald G. Kaufman, for appellant.

John F. Kirwan, for appellee.

Osowik, Judge.

{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas, Domestic Relations Division, which dismissed without prejudice appellant's complaint pursuant to Civ.R. 41. For the reasons set forth below, this court reverses the judgment of the trial court.

{¶ 2} Appellant, Rebecca Lippus, sets forth the following four assignments of error:

{¶ 3} "1. The Trial Court abused its discretion in dismissing Appellant's Case under Civ.R. 41(B) for want of prosecution, without notice.

{¶ 4} "2. The Trial Court erred in dismissing, without prejudice, Appellant's divorce action, where an arrearage in child or spousal support existed, because it irreparably deprived appellant of her rights to recover and preserve the unpaid support, without due process.

{¶ 5} "3. The Trial Court's use of Civ.R. 41(B)(1) & (3) dismissal for want of prosecution, without prejudice, was an abuse of discretion under the facts and circumstances of this case.

{¶ 6} "4. The Trial Court lacked jurisdiction to dismiss the Plaintiff/Appellants' divorce action when a federal bankruptcy action was filed and pending."

{¶ 7} The following undisputed facts are relevant to the issues raised on appeal. On May 5, 2005, appellant filed a complaint for divorce against appellee. On June 24, 2005, appellee filed an answer to the divorce complaint. Both parties were unemployed at the time of filing. The parties previously were employed with a family-owned concrete business, Firelands Concrete. Appellee was the sole stockholder of the company, although both parties were employed by and officers of the corporation.

{¶ 8} The most significant issue in contention between the parties is their respective financial positions given the insolvency of their corporation and themselves individually. Their debts far exceed their assets. Apportionment of liability for those debts is the primary dispute between the parties in the underlying divorce action.

{¶ 9} On July 11, 2005, temporary orders were issued regarding custody and support matters. On August 22, 2005, a pretrial was held. Another pretrial was scheduled for November 9, 2005, and a trial date was set for December 14, 2005.

{¶ 10} The trial scheduled for December 14, 2005, was converted into a case-management conference and the case was continued. Another pretrial was held on April 6, 2006. A final pretrial was set on July 7, 2006. A second trial date was scheduled for December 6, 2006. At the time of the July 7, 2006 pretrial, the parties represented to the court that they both anticipated filing bankruptcy prior to the December trial.

{¶ 11} On December 6, 2006, appellee and his counsel appeared at the designated time for trial. Appellant and her counsel did not appear for trial. Appellant's counsel maintains that he had notified the court that he would be out of town on vacation on December 6, 2006, and that it was his understanding that the trial court approved.

{¶ 12} The trial court dismissed the case without prejudice, for want of prosecution pursuant to Civ.R. 41. A timely notice of appeal of the Civ.R. 41 dismissal was filed.

{¶ 13} Based upon the history of this case, the second assignment of error is determinative of the entire matter pending on appeal. In appellant's second assignment of error, she asserts that the trial court erred in its Civ.R. 41 dismissal of her case by compromising her right to recover unpaid support arrearages at the time of dismissal without due process.

{¶ 14} This court has previously held in the prior course of this very same case that, "where a party's case is involuntarily dismissed by the trial court, and because of that dismissal any rights of the party are extinguished and will not be able to be reasserted in a refiled case, that party has the right to appeal the dismissal pursuant to R.C. 2505.02(B)(1) because it is '[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment.'" *Lippus v. Lippus*, 6th Dist. No. E–07–003, 2007-Ohio-6886, 2007 WL 4464953.

{¶ 15} The record from below contains no evidence that appellant herself engaged in any conduct causing or contributing to the various delays and reschedulings of the trial in this matter. Therefore, based upon our prior holding in this matter, we find that this matter must be reversed to preserve the issue of the unpaid arrearages that could be claimed by appellant to be owed at the time of the dismissal. Appellant's second assignment of error is well taken. Given the need to reverse on these grounds, appellant's remaining assignments of error are moot.

{¶ 16} On consideration whereof, the judgment of the Erie County Court of Common Pleas, Domestic Relations Division, is reversed. Appellee is ordered to pay the cost of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.

Judgment reversed.

HANDWORK and SINGER, JJ., concur.