[Cite as *Capital One Bank v. Jones*, 2014-Ohio-2229.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| CAPITAL ONE BANK | C.A. No.     13CA0038-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KAREN L. JONES | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.     09-CIV-2388 |

DECISION AND JOURNAL ENTRY

Dated: May 27, 2014

HENSAL, Presiding Judge.

{¶1}   Karen Jones appeals a judgment of the Medina County Court of Common Pleas that dismissed her claim against Morgan & Pottinger, P.S.C. ("M&P") and her counterclaims against Capital One Bank.  For the following reasons, this Court reverses.

I.

{¶2}   In May 2009, Capital One sued Ms. Jones in the Medina Municipal Court, alleging that she had been delinquent in paying her credit card account.  Ms. Jones counterclaimed, alleging abuse of process, conspiracy, and fraud.  She also filed a claim against M&P, alleging it had violated the Fair Debt Collection Practices Act, and sought class-action certification of her claims.  Because Ms. Jones requested damages in excess of its jurisdiction, the municipal court transferred the action to the common pleas court.

{¶3}   After the case was transferred, M&P attempted to remove it to federal court, but the United States District Court for the Northern District of Ohio remanded it.  Back in the

common pleas court, Capital One dismissed its claim against Ms. Jones without prejudice. Capital One and M&P subsequently sought judgment on the pleadings on Ms. Jones's claims, but the trial court denied their motion. Ms. Jones later amended her counterclaim to add a claim against Capital One under the Fair Debt Collection Practices Act and against both parties under the Ohio Consumer Sales Practices Act.

{¶4} In November 2011, M&P moved to realign the parties, noting that the only remaining claims were Ms. Jones's claims against it and Capital One. Capital One joined in the motion. Following a hearing, the trial court concluded that it had authority to realign the parties under the civil rules and explained that it would do so if Capital One dismissed its claim against Ms. Jones with prejudice. Accordingly, on July 30, 2012, it granted the motion to realign "provided that [Capital One] file a dismissal with prejudice of its cause of action for collection of Ms. Jones's credit card account * * *." The court ordered that, "[i]f such a dismissal is filed by Capital One, Ms. Jones shall file a complaint with Capital One and Morgan and Pottinger named as the defendants and with herself named as the plaintiff within 28 days * * *." It explained that, after the new complaint is filed, "this case shall be dismissed without prejudice * * *." It also ordered that, "[i]n the event that Ms. Jones does not file the complaint referred to above * * *, the Court shall dismiss this case without prejudice * * *."

{¶5} After the trial court entered its order, Capital One dismissed its claim with prejudice. Ms. Jones moved the court to reconsider its order, alleging that she would be substantially prejudiced if she had to commence a new action. After advising the court that she did not intend to file a new cause of action, it dismissed her claims without prejudice. Ms. Jones has appealed, assigning three errors, which this Court has combined in part.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DISMISSING MS. JONES'S COUNTERCLAIM.

ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ORDERING MS. JONES TO FILE A NEW CAUSE OF ACTION.

{¶6}   Ms. Jones argues that the trial court had no authority to dismiss her claims just because Capital One voluntarily dismissed its claim against her.  She notes that, under the trial court's July 30, 2012, order, once Capital One dismissed its complaint, she either had to dismiss her claims herself or the trial court would do it for her.  Accordingly, she had no way to avoid dismissal of her claims.

{¶7}   The trial court determined that it had implicit authority to order a realignment of parties pursuant to Civil Rules 20(A) and 21.  Rule 20(A) provides:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or succession or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or succession or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Rule 21 provides:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately

The trial court explained in its order that, if Ms. Jones's claims were the only remaining claims, it would be sympathetic to the idea that the parties should be realigned to reflect their true status in the proceedings. It, therefore, conditioned its granting of the motion for realignment on Capital One dismissing its claims against Ms. Jones with prejudice.

{¶8} It is not necessary to address whether the civil rules allow a trial court to realign the parties to an action so that their designation reflects their true status in the proceedings because realignment is not what the trial court ordered in this case. "Realignment" is "[t]he process by which a court * * * identifies and rearranges the parties as plaintiffs and defendants according to their ultimate interests." *Black's Law Dictionary* (9th Ed.2009); *see Albrecht v. Marinas Int'l Consol., Inc.*, 9th Dist. Summit No. 25246, 2010-Ohio-5732, ¶ 5 (noting that defendant was realigned as a party plaintiff when the only claims that remained were its cross-claims against another defendant). Instead of rearranging the parties so that Ms. Jones became designated as the plaintiff and Capital One and M&P became co-defendants, the trial court completely dismissed Ms. Jones's claims and, thereby, terminated the action.

{¶9} Capital One and M&P argue that the trial court was authorized to dismiss Ms. Jones's claims under Rule 41(B)(1) because she did not comply with a court order. The order that they allege she failed to comply with, however, was an order that directed her to dismiss her claims. Rule 41(B)(1) allows a trial court to dismiss an action "after notice to the plaintiff's counsel * * *." "The notice requirement provides a party with an opportunity to avoid dismissal." *Moeller v. Moeller*, 9th Dist. Summit No. 14328, 1990 WL 40176, *2 (Apr. 4, 1990). In this case, Ms. Jones had no opportunity to avoid dismissal of her claims. It would be unreasonable for this Court to accept Capital One's and M&P's argument that the trial court had authority to dismiss Ms. Jones's claims under Rule 41(B)(1) because she did not follow its

instruction to dismiss her claims. While this Court has recognized a trial court's "inherent power to control its own docket," that does not mean it may dismiss claims without a valid basis. *Business Data Sys., Inc. v. Gourmet Café Corp.*, 9th Dist. Summit No. 23808, 2008-Ohio-409, ¶ 21, quoting *Pavarini v. City of Macedonia*, 9th Dist. Summit No. 20250, 2001 WL 390070, *3 (Apr. 18, 2001). A trial court's inherent power to control its docket "is tempered by the responsibility to efficiently administer justice." *Disciplinary Counsel v. Sargeant*, 118 Ohio St.3d 322, 2008-Ohio-2330, ¶ 29; *Svoboda v. City of Brunswick*, 6 Ohio St.3d 348, 350 (1983) (explaining that a trial court may not dismiss a case under Civil Rule 41(B)(1) unless a party has violated a valid court order).

{¶10} In *State ex rel. Caszatt v. Gibson*, 11th Dist. Lake No. 2012-L-107, 2013-Ohio-213, the Eleventh District Court of Appeals considered a similar issue. Asset Acceptance sued Sean Caszatt to collect on a delinquent credit card account. Mr. Caszatt counterclaimed and sought class certification. After the trial court granted summary judgment to Mr. Caszatt on Asset's claim, Asset attempted to remove Mr. Caszatt's counterclaims to federal court. That court remanded the action, however, because only a defendant may remove an action under federal law. After the remand, Asset moved to realign the parties. The trial court granted its motion over Mr. Caszatt's opposition. "In an unusual move," the trial court ordered Mr. Caszatt to file an amended complaint listing him as the plaintiff and Asset as the defendant. *Id*. at ¶ 8. Instead of complying with the motion, Mr. Caszatt filed an original action against the trial court judge, requesting writs of mandamus, prohibition and procedendo.

{¶11} The Eleventh District noted that Asset had moved to realign the parties "for the express purpose of facilitating removal of the counterclaim to the federal court." *Id*. at ¶ 26. It held that the trial court's realignment order, requiring a defendant to file an amended complaint,

was "clearly and patently not authorized by the Rules of Civil Procedure." *Id*. at ¶ 27. It explained that, while state courts have a "very limited role in removal proceedings[,] [t]he problem * * * is that [the trial court] played an *active* role unauthorized by the civil rules—it ordered a party to 'amend' a pleading for the purpose of facilitating the removal and, in effect, refused to exercise its jurisdiction to hear a FDCPA claim." *Id*. at ¶ 40. "Without [the judge's] role in ordering a reversal of the parties' designation, a notice of removal *could not lawfully* be filed." *Id*. The Eleventh District issued a writ of mandamus and writ of procedendo, requiring the trial court to vacate its order and proceed to an adjudication of the merits of the counterclaim. *Id*. at ¶ 46.

{¶12} In this case, the trial court did not identify any authority that supports its conclusion that it could "realign" the parties by ordering all of them to dismiss their claims. We agree with Ms. Jones that there is no rule, statute, or constitutional provision that empowered the trial court to dismiss her claims against Capital One and M&P.

{¶13} Capital One and M&P argue that Ms. Jones was not prejudiced by the trial court's decision because she could have just refiled her case. They also note that, if Ms. Jones had complied with the trial court's initial order, they would have been required to pay her costs. Under Civil Rule 61, "[n]o error or defect in any ruling or order * * * by the court * * * is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice." The rule also provides that "[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

{¶14} Ms. Jones argues that she was prejudiced by the court's decision because not all of the potential class members will be able to join the new case. She also argues that the statute of limitations will prevent some of the current potential class members from joining a second action. She further argues that she is prejudiced by the delay in having her claims resolved and by the fact that they would likely be considered in a different forum.

{¶15} Notwithstanding any other prejudice, the fact that the trial court ordered Ms. Jones to pay the costs of the action and the fact that she will incur the expense of filing a new action if she wants to prosecute her claims means the dismissal was not harmless. While Ms. Jones would not have had those expenses if she had done what the trial court instructed in its July 30, 2012 order, the court's order was unauthorized. Accordingly, it cannot be considered in determining whether the dismissal of her claims without prejudice was harmless.

{¶16} Upon review of the record, we conclude that the trial court erred when it dismissed Ms. Jones's claims and ordered her to file a new action. Ms. Jones's first and second assignments of error are sustained. Her third assignment of error is moot, and it is overruled on that basis. *See* App.R. 12(A)(1)(c). We do not express an opinion on whether the civil rules allow a trial court to realign the parties by changing their designation within the same case, as that is not what occurred in this case.

### III.

{¶17} Ms. Jones's first and second assignments of error are sustained. The judgment of the Medina County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

8

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR.


APPEARANCES:

ANAND N. MISRA, Attorney at Law, for Appellant.

ROBERT S. BELOVICH, Attorney at Law, for Appellant.

DON C.A. PARKER, Attorney at Law, for Appellee.

LORI E. BROWN, HOLLY M. OLARCZUK-SMITH, and JEFFREY D. STUPP, Attorneys at Law, for Appellee.