[Cite as *IndyMac Bank F.S.B. v. Borosh*, 2013-Ohio-1180.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98520**

## INDYMAC BANK F.S.B.

PLAINTIFF-APPELLEE

vs.

## LAWRENCE P. BOROSH, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-651930

**BEFORE:** Stewart, A.J., Kilbane, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** March 28, 2013

**ATTORNEY FOR APPELLANTS**

John P. Malone, Jr.
Malone Law, L.L.C.
614 W. Superior Avenue, Suite 1150
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Kristi L. Pallen
Darryl E. Gormley
Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
30455 Solon Road
Solon, OH    44139

April A. Brown
Kimberlee S. Rohr
Lerner, Sampson & Rothfuss
120 E. Fourth Street
Cincinnati, OH 45202

Matthew J. Richardson
Manley Deas Kochalski, L.L.C.
P.O. Box 165028
Columbus, OH    43216

MELODY J. STEWART, A.J.:

{¶1} Defendants-appellants Lawrence and Donna Borosh lost their home in foreclosure when the court granted a default judgment to plaintiff-appellee IndyMac Bank F.S.B. Three years after the default judgment, the Boroshes sought relief from judgment on grounds that (1) IndyMac lacked standing to bring the foreclosure action because it did not obtain an assignment of the mortgage until after it filed suit and (2) they were not given personal service of summons. A magistrate found the motion for relief from judgment untimely and the court adopted that decision over objection by the Boroshes.

I

{¶2} We first address the Boroshes' claim that IndyMac lacked standing to bring the foreclosure action because it obtained an assignment of the mortgage after it filed the complaint. The Boroshes argue that a lack of standing is jurisdictional, so any judgment rendered to a party that lacked standing to bring suit is void ab initio.

{¶3} IndyMac filed its complaint for foreclosure on February 25, 2008. It concedes that the Mortgage Electronic Recording System, Inc. (MERS) held the mortgage on that date and that a transfer of the mortgage from MERS to IndyMac was not executed until February 26, 2008 and not recorded until February 28, 2008.

{¶4} A party that fails to establish an interest in a note or mortgage at the time it files suit has no standing to invoke the jurisdiction of the court. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 1, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 28.

What is more, a party who lacks standing at the time of commencement cannot cure this defect "after commencement of the action by obtaining an interest in the subject of the litigation and substituting itself as the real party in interest." *Id.* at ¶ 39.

{¶5} *Schwartzwald* does not apply to this case, however, because IndyMac amended its complaint as a matter of right under Civ.R. 15(A) on March 10, 2008, before the Boroshes filed a responsive pleading. Attached to the amended complaint was the assignment of the mortgage.

{¶6} An amended complaint "takes the place of the original, which is then totally abandoned." *Harris v. Ohio Edison Co.*, 7th Dist. No. 91 C.A. 108, 1992 Ohio App. LEXIS 4085 (Aug. 3, 1992). We have recognized that attaching the note and assignment of mortgage to an amended complaint is sufficient to establish standing. *See First Horizon Home Loan Corp. v. Roberts*, 8th Dist. No. 92367, 2010-Ohio-60, ¶ 11. So even if IndyMac lacked standing when it filed the original complaint, it cured that defect by filing the amended complaint and attaching the assignment of the mortgage.

II

{¶7} The Boroshes next raise two arguments in support of their contention that the court erred by failing to grant them relief from the default judgment: that they were not served with personal service of summons of the foreclosure complaint as required by Civ.R. 4.1(B) and that they were denied due process of the law because their original attorney was forced to withdraw from the case before filing a responsive pleading, and they were unable to obtain new counsel before the court entered a default judgment.

A

{¶8} Although not raised by the court as a basis for denying the motion for relief from the default judgment, we find that the record shows the Boroshes used their motion for relief from judgment as a substitute for an appeal.

{¶9} It is well established that Civ.R. 60(B) cannot be used as a substitute for an appeal. *See Doe v. Trumbull Cty. Children & Family Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus. All of the issues raised in the motion for relief from judgment could have been raised in a direct appeal from the default judgment. On this basis alone, the court should have refused to grant relief from judgment.

{¶10} In reaching this conclusion, we note that the Boroshes claim that they were not served with personal service of the summons was belied by their own admission that they retained an attorney to represent them in the "case." It is unclear how the Boroshes would have known to hire an attorney to represent them in this case if they had not been served with the complaint. Indeed, their due process claim solidifies our conclusion because that claim states that their retained counsel was forced to withdraw from the case because of a conflict of interest and they were unable to obtain new counsel to defend them. The Boroshes were at all events fully aware of this litigation and they could not plausibly argue that they lacked any notice that a complaint had been filed against them.

B

**{¶11}** Even if we consider the merits of the motion for relief from judgment, we find that the court did not abuse its discretion by denying relief.

**{¶12}** In order to prevail on a motion for relief from judgment under Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. If any of these three requirements is not met, the motion should be overruled. *Svoboda v. Brunswick*, 6 Ohio St.3d 348, 351, 453 N.E.2d 648 (1983). The question of whether relief should be granted is addressed to the sound discretion of the trial court. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

**{¶13}** The Boroshes did not base their motion for relief from judgment on a specific subsection of Civ.R. 60(B), so we presume it was filed under Civ.R. 60(B)(5), the catchall provision of the rule. Although this subsection does not state a specific time period in which a motion for relief from judgment must be filed, it does state that the motion "shall be made within a reasonable time." What is "reasonable" depends on the facts and circumstances of the case. *Cleveland Elec. Illum. Co. v. Tomson*, 8th Dist. No. 57940, 1992 Ohio App. LEXIS 471 (Feb. 6, 1992).

**{¶14}** The court adopted the magistrate's finding that the more than three-year difference between the judgment in foreclosure and the filing of the motion for relief from judgment rendered the motion untimely. The court did not abuse its discretion by

reaching this conclusion. This was not a case where the Boroshes were unaware that a foreclosure judgment had been entered against them — the property was sold at a sheriff's sale, the court confirmed the sale of the property, and it issued a writ of possession against the Boroshes. Not only is it inconceivable that the Boroshes were unaware of the judgment against them such that they could have sought relief in a more timely manner, their motion makes no argument justifying the three-year delay in filing the motion. They thus failed to establish an essential element of a motion for relief from judgment.

**{¶15}** Judgment affirmed.

It is ordered that appellee recover of appellants its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
PATRICIA ANN BLACKMON, J., CONCUR